# IN THE COURT OF APPEALS OF IOWA

No. 15-1336
Filed October 14, 2015

IN THE INTEREST OF T.W. and T.L.,
    Minor Children,

M.A.L., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

A mother appeals from the juvenile court's order terminating her parental rights to her two children. **AFFIRMED.**

Noelle Murray of Murray Law Office, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Janet Lyness, County Attorney, and Emily Voss, Assistant County Attorney, for appellee.

Anthony Haughton, Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her two children.[1]  She argues the juvenile court erred in failing to grant her additional time to work toward reunification with her children.  Upon our de novo review of the record, we affirm.

## I.  Background Facts and Proceedings

The mother has two children, T.W., born in August 2011, and T.L., born in November 2012.  The Iowa Department of Human Services (DHS) first became involved with this family in 2012 due to domestic violence between the parents.  The parents participated in voluntary services and the case was closed.  At birth, T.L. tested positive for marijuana and DHS again recommended the parents participate in voluntary services.  Before this second case was closed, another domestic violence incident occurred between the parents and DHS recommended voluntary services a third time in December 2013.  The parents failed to follow through on these services, and the State filed child-in-need-of-assistance (CINA) petitions in February 2014.

In March 2014, the mother stipulated that the children were in need of assistance.  The juvenile court adjudicated T.W. and T.L. CINA in April 2014.  In May 2014, the juvenile court held a dispositional hearing during which it continued placement and custody of the girls with their parents.  In July 2014, the court removed the children from their parents and placed them in foster care

---

[1] Hearing regarding the father's parental rights was pending at the time of the mother's appeal in this case.

because the mother had violated the safety plan following another domestic violence incident with the father.

The juvenile court held review hearings in December 2014 and February 2015.  In February 2015, it appeared the parents were making improvements and visits progressed to semi-supervised and then overnights.  In early March 2015, local police executed a search warrant at the parents' home, and both parents admitted to illegal drug activity.  Police had warned DHS of the impending search, and DHS had cancelled a scheduled visit, otherwise the children would have been present when the raid occurred.  In April 2015, the mother was arrested and charged with two felony counts.  She was released from custody in June and ordered to obtain a substance abuse evaluation and participate in any recommended treatment, but she failed to complete the evaluation.  That same month, the juvenile court held a review hearing and the State filed a petition to terminate the mother's parental rights to her two children.

In July 2015, the juvenile court held a hearing on the State's petition and entered an order terminating the mother's parental rights to T.W. and T.L. under Iowa Code section 232.116(1)(h) (2013).  The juvenile court discussed the mother's progress, noting she had attended counseling, sought employment, maintained housing for her and the girls, consistently attended visitation and displayed appropriate parenting skills, and that she loved her daughters and shared a bond with them.  But it also considered her repeated bad decisions, including her involvement in illegal drug activity and her relationship with the girls' father.

The juvenile court concluded that the children could not be returned to the custody of either parent without continuing to be in need of assistance and it was in the children's best interests to terminate parental rights. The court considered the risk of incarceration that the mother faced, especially in light of her criminal history, and found it "impossible to grant [the mother] 'more time' when her future is so uncertain and when her children have been forced to wait for so long already." This appeal followed.

## II.     Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court but are not bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary consideration is the best interests of the child. *Id.* at 776.

## III.    Analysis

On appeal, the mother does not contest the grounds for termination of her parental rights but argues that the juvenile court erred in denying the mother additional time to work toward reunification pursuant to Iowa Code section 232.104(2)(b). Section 232.104(2)(b) allows a juvenile court to delay "placement of the child for an additional six months," so long as the court determines that the need for removal "will no longer exist" at the end of the extension. Iowa Code § 232.104(2)(b).

In denying the mother's request for an additional six months to work toward reunification, the juvenile court considered the domestic violence issues

that plagued the case despite services being offered for three years, the pending criminal drug charges against both parents, and the likelihood that neither parent would be available to parent the children within six months.  A mother's potential imprisonment for pending felony drug charges and "her resulting inability to care for the children" is a risk that prevents the court from "finding the children would not be at risk if returned to her care."  *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005).

While in their parents' care, the girls witnessed numerous incidents of domestic violence between their parents.  Based on what the police raid disclosed about drug activities at the parents' home, the parents likely exposed the girls to illegal drug use and sales.  At the time of the termination hearing, the mother was facing felony criminal charges with a potential sentence of incarceration of up to twenty-five years on one count and five years on another. T.W. was only three years old at the time of the termination hearing and T.L. only two.  Both girls had been removed from their parents' home and custody for over one year at the time of the hearing.  The DHS worker testified that the children are comfortable in their foster home and share a bond with their foster parents who wish to adopt the girls.  We cannot ask these children to continuously wait for their mother to become a stable parent.  *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010); *see also In re A.B.*, 815 N.W.2d at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together.") (internal quotation marks omitted).

"[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

These young children need permanency and stability. Our review of the record does not persuade us that circumstances would be such that the need for removal would no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b). Thus upon our de novo review, we affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**